```
                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| AUDREY CARTER, | HON. JEROME B. SIMANDLE |
|         Plaintiff, | Civil No. 12-6504 (JBS/JS) |
| v. | |
| BUTTONWOOD HOSPITAL, et al., | **OPINION** |
|         Defendants. | |

APPEARANCES:

Ms. Audrey Carter
6415 Dupont Dr., 1-D
Charlotte, NC 28217
    Plaintiff Pro Se

**SIMANDLE**, Chief Judge:

## I. INTRODUCTION

Plaintiff Audrey Carter, representing herself, submitted a Complaint which she seeks to file in forma pauperis pursuant to 28 U.S.C. § 1915(a) without prepayment of fees.

The Court has reviewed Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Docket Item 1-2), which was received on October 1, 2012. Because the Affidavit discloses that Plaintiff is indigent, the Court will permit the Complaint to be filed without prepayment of fees.

The Court is also required by Section 1915 to preliminarily review each Complaint filed in forma pauperis and to "dismiss the case at any time if the court determines that...the action... (i)

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Recently, the Supreme Court revised the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court held that to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff

2

must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

With these principles in mind, the Court turns to its analysis under 28 U.S.C. § 1915(e)(2), above.

## II.  FACTUAL AND LEGAL ALLEGATIONS

The Plaintiff's complaint is confusing and ambiguous.  The Plaintiff does not allege clear causes of action or violations of

3

specific constitutional or statutory rights. The Plaintiff sets forth one long paragraph containing a series of disorganized facts and general legal allegations. (Compl. ¶ 9.) The Court will attempt to outline the facts as asserted in the Complaint.

The Plaintiff alleges that she worked as an activist and while she was in the process of reporting certain crimes, she was retaliated against by the Secret Service and Defendant Steve Hallett. Plaintiff alleges Hallett and the Secret Service wrongfully committed her to Buttonwood mental hospital. Specifically, Plaintiff maintains that a crisis unit came to her apartment in Burlington and her apartment manager unlocked her residence and allowed the Burlington Police and the crisis unit to take her into custody and eventually commit her to a mental hospital. Plaintiff maintains that she was ultimately committed because she was taken to a doctor who fraudulently diagnosed her.

While in Buttonwood mental hospital, the Plaintiff alleges she did not receive proper medical care. In particular, Plaintiff states that she was not given her medicine for her diabetes and instead was given medicine which made her sick. When she told the doctors that the medicine was making her sick, Plaintiff alleges that the doctors refused to stop giving her the medicine.

Finally, Plaintiff maintains that this was not the first time she was wrongfully committed. The Plaintiff alleges she was

admitted to Helen Fuld Hospital against her will when the FBI and CIA became aware that the Plaintiff had knowledge about the Monica Lewinsky and Bill Clinton scandal.  Plaintiff maintains that she faxed the FBI and CIA documents about the scandal and the FBI and CIA never responded and instead committed her into a mental hospital.  Plaintiff also claims that the FBI and CIA shut off her phone line and cell phone.

   The Plaintiff filed the instant action against Buttonwood Hospital, Dr. Maasi Shamilov, Steve Hallett, the Secret Service, the White House, the State of New Jersey, Attorney Paula Dow, the Burlington Police and Willow Point Apartments.[1]  The Plaintiff alleges her civil rights were violated and she was discriminated and retaliated against.  The Plaintiff maintains that she suffered harm by being physically confined, forcibly medicated for mental illness and not receiving medication for her diabetes as well as being subject to embarrassment.  The Plaintiff also argues that the Defendants violated HIPPA laws and Section 8 Housing laws when her apartment manager opened her residence

---

   [1] The Plaintiff's complaint specifically identified Buttonwood Hospital, Dr. Maasi Shamilov, Steve Hallett, the Secret Service, the White House and Attorney Paula Dow as defendants.  However, in the caption to the complaint, the Plaintiff also listed Willow Point Apartments, the Burlington Police and the State of New Jersey as defendants.  Since the court could must construe pro se pleadings liberally, the court will address whether the Plaintiff has sufficiently plead a cause of action against Willow Point Apartments, the Burlington Police and the State of New Jersey in addition to the properly named defendants.

5

without giving her 24 hours notice. Plaintiff maintains that this was not an emergency situation and no other tenants were in danger and therefore, her landlord did not have the right to enter her premises without giving the requisite notice. The Plaintiff seeks $20,000,000 in damages.

## III. ANALYSIS

The court interprets Plaintiff's complaint as bringing claims against Defendants Buttonwood Hospital, Dr. Maasi Shamilov, Steve Hallett, the Secret Service, the White House, the State of New Jersey, Attorney Paula Dow and the Burlington Police for the alleged violation of Plaintiff's constitutional rights. The court also interprets the complaint as bringing a claim against Plaintiff's apartment complex for allowing third parties to enter Plaintiff's residence without giving Plaintiff notice. As will be discussed below, the majority of Plaintiff's complaint must be dismissed because the White House, the Secret Service, the State of New Jersey and Paula Dow are entitled to immunity. In addition, the Plaintiff's complaint fails to provide a sufficient factual basis to state a claim against the remaining defendants. The court will address each of defendant separately below.

  1. **The White House and the Secret Service are Immune from Suit**

It is well established that the United States has sovereign immunity except where it consents to be sued. <u>United States v.</u>

Mitchell, 463 U.S. 206, 212 (1983).  Such consent to suit "must be 'unequivocally expressed' in statutory text, and cannot simply be implied." Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004)(citing United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992)).  Moreover, any waiver of sovereign immunity will be strictly construed in favor of the sovereign. Lane v. Pena, 518 U.S. 187, 192 (1996).  In the absence of such a waiver of immunity, one cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any individual federal officers in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government).

It is clear that the White House and the Secret Service are part of the federal government and have not waived sovereign immunity in this case.  The Plaintiff seeks only monetary damages against these defendants for allegedly violating her constitutional rights and does not seek injunctive relief.  Accordingly, the White House and Secret Service are entitled to sovereign immunity and the Plaintiff cannot proceed in an action for damages against these federal defendants.

Therefore, Plaintiff's complaint against the White House and the Secret Service will be dismissed with prejudice.

    **2.    The Plaintiff has failed to state a claim against the State of New Jersey or Attorney Paula Dow**

Under the Eleventh Amendment to the U.S. Constitution, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Unless a state clearly waives sovereign immunity or the Congress abrogates it, the Eleventh Amendment precludes all claims against a state for monetary damages.  Quern v. Jordan, 440 U.S. 332, 342 (1979)("a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment").  State sovereign immunity also extends to state agencies and to state officers who act on behalf of the state. Natural Resources Defense Council v. California DOT, 96 F.3d 420, 421 (9th Cir. 1996)(citing Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993)).  The Eleventh Amendment bars suit against state officials in their official capacity for anything other than injunctive relief unless the state has specifically waived that immunity or Congress has acted to abrogate that immunity under section five of the Fourteenth Amendment.  Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989).

The court's best interpretation of Plaintiff's complaint against the State of New Jersey and Paula Dow is that the Plaintiff was committed to a county hospital, and consequently, Plaintiff argues the state should be liable for the civil rights violations of this hospital. The Plaintiff seeks only monetary damages from the defendants and does not seek any injunctive relief.

Plaintiff's claims must be dismissed because the state is immune from suit for monetary damages, including suits for civil rights violations pursuant to Section 1983, under the Eleventh Amendment, absent a waiver. There is no applicable waiver of sovereign immunity in this case and therefore, Plaintiff's suit is barred. Similarly, the Plaintiff has failed to allege that Attorney General Paula Dow engaged in any conduct which harmed the Plaintiff and has not alleged that Attorney Dow acted outside the scope of her authority or was not acting on behalf of the state. Accordingly, Attorney General Paula Dow is also entitled to sovereign immunity.

Therefore, Plaintiff's claims against Paula Dow and the State of New Jersey are dismissed with prejudice as both of these defendants are entitled to sovereign immunity and the Plaintiff seeks only monetary relief, not injunctive relief.

**3. Buttonwood Hospital**

Buttonwood Hospital is a hospital owned and operated by Burlington County.  It is well established that liability cannot be imposed on a local government body, such as a county, absent an allegation that unlawful actions were taken pursuant to the county's policies, practices, customs, regulations, or enactments.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978).  The Plaintiff has not alleged that Buttonwood's alleged violation of her civil rights took place pursuant to a policy or custom and therefore Plaintiff fails to state a claim.

To the extent the Plaintiff is bringing a tort cause of action against Buttonwood, the Plaintiff has not alleged that she satisfied the notice requirements under the New Jersey Tort Claims Act in order to bring suit against this public entity.  Tort claims against public entities and public employees are governed by the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. 59:1-1 et seq.  <u>See</u> <u>Velez v. City of Jersey City</u>, 180 N.J. 284 (2004).  The NJTCA requires that a notice of claim must be filed with the public entity not later than the ninetieth (90th) day after accrual of the underlying cause of action.  N.J.S.A. 59:8-8(a).  Failure to file the required notice will result in the dismissal of the Plaintiff's tort claims. N.J. Stat. Ann. 59:8-3.

The NJTCA defines public entity broadly and "includes the State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body

in the State." N.J.S.A. 59:1-3. Buttonwood, as a county-owned hospital, is a public entity under the NJTCA.

Since the Plaintiff has not alleged that she has satisfied the notice requirements of the NJTCA, any tort claims Plaintiff brings against Buttonwood must be dismissed.

Finally, Plaintiff confusingly states that she also seeks relief pursuant to "HIPPA." The court interprets "HIPPA" as the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d-2. Plaintiff's HIPAA claim fails for two reasons. First, the Plaintiff has not alleged that any of her health information was distributed in violation of the safeguards prescribed under HIPAA. Further, the courts that have considered HIPAA claims have concluded "that HIPAA does not create such a private right of action for individual plaintiffs." Ball v. Famiglio, 2012 U.S. Dist. LEXIS 71769, No. 11-cv-1834, 33 (M.D. Pa. March 14, 2012). See Dominic J. v. Wyoming Valley West High School, 362 F.Supp. 2d 560 (M.D.Pa. 2005); O'Donnell v. Blue Cross Blue Shield of Wyoming, 173 F.Supp. 2d 1176 (D.C.Wyo. 2001); Brock v. Provident Am. Ins. Co., 144 F.Supp. 2d 652 (N.D.Tex. 2001); and Means v. Indep. Life and Accident Insurance Co., 963 F.Supp. 1131 (M.D.Ala. 1997).

Therefore, Plaintiff's claims against Buttonwood Hospital will be dismissed, without prejudice to Plaintiff pursuing her

administrative remedies under the New Jersey Tort Claims Act and thereafter filing suit in a court of competent jurisdiction.

**4.    Burlington Police**

The Plaintiff also names the Burlington Police as a defendant in the caption of her complaint, though the Plaintiff neglects to name the Burlington Police as a defendant in the remainder of her pleadings. However, liberally construing Plaintiff's complaint, the court will consider whether the Plaintiff has stated a claim against the Burlington Police.

As discussed above, municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations, or enactments. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). The Burlington Police are an agency of Burlington Township and cannot be held liable absent an unlawful policy or custom. The Plaintiff has not alleged that Burlington Police's alleged violation of her civil rights took place pursuant to a policy or custom and therefore fails to state a claim.

If Plaintiff is able to allege that an individual police officer has deprived her of a right guaranteed by the Constitution, then she may have a viable claim under 42 U.S.C. § 1983, since a named officer would be a person acting under color of state law as to whom § 1983 may provide a remedy. Plaintiff will have an opportunity to file an amended complaint within

12

thirty (30) days to attempt to set forth such a cause of action against one or more individual police officers.  Such an amended complaint should identify the officer named as a defendant and specify the factual grounds for the claim against that defendant.

Accordingly, Plaintiff's claims against the Burlington Police will be dismissed, without prejudice to filing a motion to amend.

### 5. The Plaintiff has failed to state a claim against Dr. Maasi Shamilov and Steve Hallet

The Plaintiff's claims against Dr. Maasi Shamilov and Steve Hallet must be dismissed for failure to state a claim.  As to Dr. Shamilov, the Plaintiff alleges no facts against Dr. Shamilov whatsoever.  The court is unable to discern whether Dr. Shamilov was an employee at Buttonwood Hospital responsible for Plaintiff's medication or if Dr. Shamilov was the doctor who evaluated Plaintiff prior to committing the Plaintiff.  Without these essential facts, the court cannot discern what claims the Plaintiff seeks to bring against Dr. Shamilov and cannot evaluate the merits of these claims.

Similarly, the Plaintiff alleges no facts against Defendant Steve Hallet except that Hallet assisted in committing the Plaintiff to Buttonwood Hospital.  It is unclear whether Defendant Hallet worked with a federal agency, was a medical professional or had any actual role in the decision to commit the Plaintiff.  The court is unable to evaluate the grounds of

13

Plaintiff's claims against Defendant Hallet without a more sufficient factual basis.

Therefore, Plaintiff's complaint against Defendant Hallet and Dr. Shamilov will be dismissed without prejudice to Plaintiff filing an amended complaint to correct the above deficiencies.

### 5. Willow Point Apartment Complex

Finally, the Plaintiff alleges that Willow Point Apartment Complex violated her rights under Section 8 of the Housing Laws by letting police enter her apartment without giving her 24 hours notice.

The court interprets Plaintiff's complaint as alleging that she received housing vouchers from the United States Department of Housing and Urban Development pursuant to 42 U.S.C. § 1437f(o), commonly known as the Section 8 housing program.

Nothing in 42 U.S.C. § 1437f requires a landlord to give a tenant 24 hours notice prior to allowing police to enter the premises.  In fact, 42 U.S.C. § 1437f(o) emphasizes the need for landlords to be cooperative with local law enforcement in dealing with criminal activity or activity by tenants which threatens the health, safety or peaceful enjoyment of other tenants in the public housing facility.  Landlords are instructed to go so far as to "to take action to terminate tenancy for activity engaged in by the tenant, any member of the tenant's household, any guest, or any other person under the control of any member of the

14

household that (i) threatens the health or safety of, or right to peaceful enjoyment of the premises by, other tenants or employees of the public housing agency, owner, or other manager of the housing; or (ii) threatens the health or safety of, or right to peaceful enjoyment of the residences by, persons residing in the immediate vicinity of the premises . . ."  42 U.S.C. § 1437f(o)(6)(C)(i),(ii).

Construing Plaintiff's complaint liberally, the facts alleged indicate that the Burlington police, not the landlord, initiated the entry into Plaintiff's apartment.  The landlord simply complied with the request of the police to enter the premises, as landlords are encouraged to do under Section 8.  Without more, there is no factual basis to support a claim against Willow Point Apartment complex for violating Section 8.  Further, the Plaintiff no longer resides in this apartment complex so there is no possibility of future harm from this landlord.

Accordingly, Plaintiff's claims against Willow Point Apartment Complex will be dismissed.

**IV. CONCLUSION**

For the reasons discussed above, the Plaintiff's complaint will be dismissed in accordance with 28 U.S.C. § 1915(e)(2).  However, the Plaintiff will be given leave to file a motion to amend this complaint within 30 days to bring claims against

15

Defendant Hallet and Dr. Shamilov, and to identify and specify her claim against one or more police officers, as discussed above.  She must attach her proposed Amended Complaint to her motion papers when filing with the Clerk of Court.  If the Plaintiff does not file a motion to amend within 30 days of this order, the court will dismiss Plaintiff's claims against Defendant Hallet and Dr. Shamilov with prejudice.  The accompanying Order will be entered.


**January 17, 2013**                   **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          Chief U.S. District Judge